IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAUL SANTIAGO,

    Petitioner,                      Case No. 2:13-cv-0831

    v.                                JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Kemp

WARDEN, MARION CORRECTIONAL
INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

On August 23, 2013, Petitioner filed a petition for a writ of habeas corpus. He did not pay the required filing fee. After an order from the Court pointing out that deficiency, Petitioner paid the fee. The Petition is now before the Court for a review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Court. That rule requires the Court to dismiss a habeas corpus petition upon initial review "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ...." For the following reasons, it will be recommended that the petition be denied and that this case be dismissed.

## I. DISCUSSION

The Court begins with the language of 28 U.S.C. §2254. That statute allows a person in state custody to bring an action in federal court alleging that he or she "is in custody in violation fo the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). That means that "[a] federal habeas court does not sit as a traditional

appellate review with supervisory power to correct general errors committed by a state authority; rather, it has power only to accord relief for *constitutional violations.*" *Linger v. Akram*, 23 Fed. Appx. 248, 252 (6th Cir. Sept. 19, 2001) (emphasis in original), *citing Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974).

Here, in response to instructions on the form petition which directed Petitioner to "[s]tate concisely every ground on which you claim that you are being held unlawfully," Petitioner provided no information at all. *See Petition*, Doc. 1, at 3. He does state, elsewhere in the petition, that he is appealing from an April 19, 2012 decision in his state court case. That decision, *State v. Santiago*, 2012 WL 1383115 (Franklin Co. App. April 19, 2012), *appeal not allowed* 132 Ohio St.3d 1515 (Sept. 5, 2012), was an appeal from the trial court's denial of a new sentencing hearing. Petitioner had requested such a hearing because his original sentence included post-release control, but he argued that under Ohio law it should not have. The only assignment of error raised by Petitioner in that proceeding was:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A DE NOVO RESENTENCING HEARING.

*State v. Santiago,* 2012 WL 1383115, *1. The appeals court affirmed the trial court's decision not to hold a hearing but struck the part of the sentencing entry which imposed post-release control, ruling that the proper remedy was simply to strike that part of the sentence (which was imposed in 2002), rather than to give Petitioner a new sentencing

hearing.

If Petitioner now seeks only review of the state court of appeals ruling, and on the same grounds he raised there, he has not presented a claim that he is being held in custody in violation of any provision of the United States Constitution or any federal law. *See Jones v. Warden, Toledo Correctional Institution*, 2013 WL 1324406, *5 (S.D. Ohio Feb. 13, 2013)("to the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding"), *adopted and affirmed,* 2013 WL 1315963 (S.D. Ohio March 28, 2013), *citing, inter alia, Xie v. Edwards,* 35 F.3d 567 (table), 1994 WL 462143 at *2 (6th Cir. Aug.25, 1994). Without such a claim, this Court cannot grant habeas corpus relief.

The only conceivable federal claim which might arise from this situation would be a due process claim based on the trial court's failure to hold a hearing. However, such a claim was never presented to the state court. In his appeal, Petitioner argued only the claim of abuse of discretion and presented it solely as a question of state law. *See* Brief of Appellant, Case No. 11 AP 841 (filed Nov. 1, 2011), available at http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?TqEiw9v8D0Hb3TiaZuqI. Matters presented to the state courts as issues of state law cannot be argued in a federal habeas proceeding as matters of federal law because any federal law claims were not "fairly presented" to the state court. In order to exhaust available state remedies, a petitioner must first fairly present the substance of his

3

federal habeas corpus claims to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). *Picard v. Connor,* 404 U.S. 270, 275 (1971).  "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986).   A petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless*, 459 U.S. at 6). Rather, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993), *citing Franklin v. Rose*, 811 F.2s 322, 326 (6th Cir.1987). That simply did not happen here.

Even if Petitioner had argued, in state court, that the trial court's failure to hold a hearing on his motion for resentencing was a due process violation, that claim would be without merit . *See, e.g., Trusty v. Parker*, 107 F.3d 12, *2 (6th Cir. Feb. 4, 1997) (unreported) ("[petitioner]'s claim that the state court should have afforded him an evidentiary hearing ... does not support habeas relief, because [petitioner] did not show that, by being denied a hearing, he was denied fundamental fairness in the process below").  It is difficult to see how Petitioner could show that he was denied fundamental fairness in the state courts when the only error which led to his resentencing - the improper imposition of post-release control - was corrected by the

4

state court of appeals. In other words, it appears that Petitioner obtained all of the relief sought by his request for resentencing, and the failure to hold a hearing was therefore not prejudicial to any right guaranteed by the Due Process Clause, whether or not the procedure violated state law. For all of these reasons, the petition simply fails to set forth any basis for a claim that petitioner is being held in custody in violation of the United States Constitution or laws, as required under 28 U.S.C. §2254(a), and it should be dismissed.

## II. RECOMMENDATION

It is recommended, for the reasons set forth above, that the petition for a writ of habeas corpus be **DENIED** and that this case be **DISMISSED**.

## III. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge
